Motion to dismiss appeal granted, with costs and ten dollars costs of motion. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

HARRY TURKOWITZ, Respondent, v. JACOB PALETZ, EZEKIEL LEAVITT and " MENDEL " KANTOR, Appellants.— The decision of this court, handed down on April 5, 1928,* is hereby amended to read as follows: Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

L. G. ATKINS Co., INC., Respondent, v. DAVID M. STEINMAN, Appellant. ALFRED CHAIKEN, Defendant. (Appeal No. 1.) — Order denying motion of appellant Steinman to vacate order of arrest and to dismiss complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Kapper and Scudder, JJ., concur.

L. G. ATKINS Co., INC., Respondent, v. DAVID M. STEINMAN, Appellant. ALFRED CHAIKEN, Defendant. (Appeal No. 2.) — Order denying motion of appellant Steinman to vacate order of arrest and to dismiss complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Kapper and Scudder, JJ., concur.

ALFRED J. CLAYTON, Respondent, v. LOUISE S. DOWNES and Others, Appellants.— Order denying defendants' motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Kapper and Scudder, JJ., concur.

JOHN D. COSGROVE, Respondent, v. PHILIP M. BERNSTEIN, Appellant.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

E. B. F. REALTY CORPORATION and PHILIP J. COFFEY, Appellants, v. EGBERT L. BURNETT and LETTIE A. BURNETT, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

MURIEL ELSASSER, Respondent, v. HERMAN HUGH ELSASSER, Appellant. (Appeal No. 1.) — Order denying motion to strike out provision for alimony affirmed, with ten dollars costs and disbursements. The case having proceeded to judgment upon the personal service of the summons and complaint in this State, the defendant cannot attack the alimony provision of that judgment upon the theory of a former action pending by virtue of the service of the prior summons in California. Had the defendant after personal service of the summons and complaint appeared and answered setting up the pendency of the prior action, it may be that some disposition would have had to be made prior to the present judgment, but it would still have been within the sound discretion of the Special Term to permit a discontinuance of the so-called prior action; and it is now within the power of the Special Term to enter an order of discontinuance *nunc pro tunc* of the action first commenced. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

MURIEL ELSASSER, Respondent, v. HERMAN HUGH ELSASSER, Appellant. (Appeal No. 2.) — Order awarding counsel fee modified by striking therefrom the provision staying defendant until payment of counsel fee, and as so modified

affirmed, without costs. No opinion. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

MARTIN GIVENTER, Respondent, v. AMERICAN ALLIANCE INSURANCE COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Scudder, JJ.

JOHN HENRY HAMPTON, Respondent, v. INCORPORATED VILLAGE OF FREEPORT, Respondent. BEST LUMBER COMPANY, INC., Appellant; AMATO & McCARRON, INC., and Others, Defendants, and NATIONAL SURETY COMPANY, Respondent.— Order denying motion to bring in National Surety Company as a party defendant affirmed, with ten dollars costs and disbursements to respondent National Surety Company. No opinion. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

THEODORE B. HENNENLOTTER, Suing on Behalf of Himself and All Other Stockholders of ROSSIA INSURANCE COMPANY OF PETROGRAD, Respondent, v. CARL F. STURHAHN and Others, Defendants. BORIS KAMENKA and Others, Appellants.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to vacate service of the summons upon the Rossia Insurance Company of Petrograd by its service upon the Superintendent of Insurance, and the motion to vacate the service of the summons by publication upon Boris Kamenka, Alexander Goutchkoff, Michael Plotnikoff, Alexander Bylinine, Jules Ramseyer, Genforsikrings-Aktieselskabet Rossia (otherwise known as Reinsurance Company " Rossia " of Copenhagen) and the Societe Commerciale & Financiere Caross of Paris, granted, with ten dollars costs. (1) The service of the summons upon the Rossia Insurance Company of Petrograd by serving the same upon the Superintendent of Insurance of the State of New York, whose designation to receive such service by that corporation was unrevoked, was void, it appearing to be the undisputed fact that that corporation was not doing business within the State of New York at the time of said service and had done no business in the State of New York since April 1, 1919, and was in fact non-existent, so far as this State was concerned, since that date; it further appearing that the claim sued upon did not arise out of any transaction of that company with a resident prior to April 1, 1919. (*Chipman, Ltd.,* v. *Jeffery Co.,* 251 U. S. 373; *Riverside Mills* v. *Menefee,* 237 id. 189; *Forrest* v. *Pittsburgh Bridge Co.,* 116 Fed. 357; *Dollar Co.* v. *Canadian C. & F. Co.,* 220 N. Y. 270; *Bagdon* v. *Philadelphia & Reading C. & I. Co.,* 217 id. 432; *Tauza* v. *Susquehanna Coal Co.,* 220 id. 259; *Birch* v. *Mutual Reserve Life Ins. Co.,* 91 App. Div. 384; *Hunter* v. *Mutual Reserve Life Ins. Co.,* 218 U. S. 573.) (2) The order of publication is insufficient in that the complaint and the moving papers do not disclose a *res* within the State. There are no allegations having probative value that the cause of action arose within the State or that there is a specific fund or property within the State. The plaintiff has relied upon the allegations of an affiant who does not have personal knowledge of any such property and who does not disclose that he received his information from individuals having personal knowledge. The existence of a fund owned by the Rossia Insurance Company of America could have been shown by a certificate from the State Superintendent of Insurance if that official had any such fund. Such a certificate would have established the falsity, if any, of the declaration of the officers of that company that it had no such fund or any part of it in the State of New York and that it had no deposits with the Superintendent of Insurance of